IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| KARLENE SORRELL | Civil Action No: |
| Plaintiff, | |
| v. | |
| | COMPLAINT |
| PENNS GROVE, PENNS GROVE POLICE DEPARTMENT, CPL. JOSEPH SCHULTZ, both in his individual and official capacities as a Corporal of the Penns Grove Police Department, and SGT. RILEY, both in his individual and official capacities as a Sergeant of the Penns Grove Police Department, | |
| Defendants, | **JURY TRIAL DEMANDED** |

---

Plaintiff, KARLENE SORRELL, by her attorney, William Riback, Esquire, says by way of Complaint against Defendants, as follows:

### NATURE OF THE ACTION

1. This is a civil action under 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments of the United States Constitution, 28 U.S.C. § 1343, and pendent state law claims alleging violations of the New Jersey law, charging Defendants with deprivation of liberty and property interests. Plaintiff also seeks relief for pendent state law claims under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

2. Plaintiff seeks monetary damages for the negligent, willful and wanton, intentional actions of the Defendants described herein; a declaration that the Defendants' conduct is unconstitutional; and, in an injunction precluding the Defendants from continuing to violate the rights of the individuals placed in their custody or detention.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341 and 1343 because it was filed to obtain compensatory damages, punitive damages and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the United States Constitution and by federal law pursuant to 42 U.S.C. § 1983. This Court also has jurisdiction over this action under the provisions of 28 U.S.C. §2201, as it was filed to obtain declaratory relief relative to the Constitutionality of the policies of a local government. Supplemental jurisdiction exists over Plaintiffs' pendent state law claim pursuant to 28 U.S.C. §§ 1367(a) inasmuch as Plaintiffs' state law claim is so related to the federal claims within such original jurisdiction that it forms part of the same case or controversy as do the federal claims.

4. The practices alleged in this Complaint were committed in the District of New Jersey, wherein, upon reasonable belief, all of the parties reside, govern, and operate. Therefore, venue in this Court is invoked under 28 U.S.C. §§ 1331 and 1343 (1), (3) and (4), because this Complaint was filed to obtain compensatory damages, putative damages, and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the United States Constitution and by federal law.

## PARTIES

5. Plaintiff, Karlene Sorrell ("Plaintiff") is an adult female and citizen of the State of New Jersey, residing at 2A Deming Avenue, Penns Grove, NJ 08069.

6. Defendant, Penns Grove Police Department is a political subdivision, organized and existing under the laws of New Jersey. At all times relevant hereto, the Penns Grove Police Department was responsible for the policies, practices, supervision, implementation and conduct

of all matters pertaining to the Penns Grove Police Department, and was responsible for the appointment, training, supervision and conduct of all Penns Grove Police Department's employees and that they obey the Constitution and the laws of the United States and of the State of New Jersey.

7. Upon information and belief, Defendant Corporal Joseph Schultz ("Schultz") is an adult male and citizen of the State of New Jersey, and is a policy maker in respect to the treatment and use of force against individuals over which the Penns Grove Police Department exercises custodial or other control. Schultz is being sued in both his individual and official capacities as a Corporal of the Penns Grove Police Department.

8. Upon information and belief, Defendant Sergeant Riley ("Riley") is an adult male and citizen of the State of New Jersey. Riley is being sued both in his individual and official capacities as a Sergeant of the Penns Grove Police Department.

## FACTS

9. The Fourth and Eighth Amendment of the United States Constitution prohibits the Defendants from inflicting cruel and unusual punishment and using excessive force in searching and arresting individuals.

10. In turn, under New Jersey law, specifically N.J.S.A. 10:6-2(c), any person who is deprived of substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States or by the Constitution or laws of the State of New Jersey has a claim under State law.

11. At approximately 7:57 p.m. on December 3, 2008, Plaintiff and her niece, Zaketah, were in front of Zaketah's boyfriend's residence on Sack Avenue in Penns Grove, New Jersey.

12. Several Officers from the Penns Grove Police Department, including Schultz and Riley, responded to an alleged fight in process call pertaining to that residence.

13. Officers did not witness Plaintiff or Zaketah fighting. It was Schultz's "impression" from Plaintiff's "body language" that she was at the residence to fight.

14. However, Plaintiff never had the intention to fight. She was only attempting to subdue Zaketah after she saw her boyfriend, Marcus, with another female. Plaintiff was trying to get Zaketah to return to their vehicle.

15. In an effort to force Plaintiff into her vehicle, Schultz placed Plaintiff in an arm bar.

16. Once in the vehicle, Plaintiff complained that she could not breathe as a result of being placed in an arm bar.

17. Officers ignored Plaintiff's pleas that she could not breathe. Plaintiff was then physically removed her from the vehicle by Riley.

18. After being forcefully removed from her vehicle, Plaintiff was placed under arrest for resisting arrest and disorderly conduct. She was then slammed to the ground and handcuffed.

19. Upon being slammed into the ground, Plaintiff chipped a tooth and suffered scrapes and scratches over several parts of her body.

20. Sgt. Riley repeatedly stomped upon Plaintiff about her back, causing severe and permanent injury at a time when Plaintiff was subdued.

21. As a result of the incident with Defendants, Plaintiff continues to suffer emotional distress and physical pain, including a herniated disk in her back and nerve damage from her back down to her legs.

22. At all relevant times hereto, all Defendants were aware of, and were reckless deliberately indifferent to, the policies, rules, and regulations relating to the restraint and use of force against suspects.

## COUNT ONE
### ("42 U.S.C. § 1983")

23. Plaintiff repeats and realleges the allegations stated in the preceding paragraphs as though set forth fully herein.

24. The conduct of the Defendants as set forth above, acting under color of state law, was intended to harm Plaintiff and was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to Plaintiff.

25. Simply put, it was not objectively reasonable for Officers with the Penns Grove Police Department to use excessive force against Plaintiff. It was also not objectively reasonable for Riley to repeatedly stomp his foot on Plaintiff, ignore her pleas when she was unable to breathe, and forcefully remove her from her vehicle.

26. The conduct of Defendants as set forth above violated Plaintiff's constitutional right to be free from cruel and unusual punishment, as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. § 1983.

27. This conduct on the part of all Defendants represents a violation of 42 U.S.C. § 1983, given that their actions were taken under color of state law.

28. The Defendants, in acting to deprive Plaintiff of his rights, acting within the scope of their employment, misused their official powers and acted from a willful and malicious intent to deprive Plaintiff of her civil rights and cause her severe injuries thereby.

29. Defendants, in acting to deprive Plaintiff of her rights, acted intentionally, knowingly, willfully, and with gross disregard of Plaintiff's rights.

30. By reason of the aforesaid conduct, Plaintiff has been intentionally deprived of liberty and property interests protected by the 14th Amendment.

31. As a direct and proximate result of the violations of Plaintiff's civil rights, she was caused to suffer physical injuries as set forth above and herein, mental anguish and emotional distress.

WHEREFORE, Plaintiff states a cause of action under 42 U.S.C. § 1983.

## COUNT TWO
### ("New Jersey Civil Rights Act (N.J.S.A. 10:6-1 *et seq.*)")

32. Plaintiff repeats and realleges the allegations stated in the preceding paragraphs as though set forth fully herein.

33. N.J.S.A. 10:6-2(c) provides a right of action for any citizen who is deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States or by the Constitution or laws of the State of New Jersey, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

34. The conduct of Defendants as set forth above, acting under color of state law, was intended to harm Plaintiff and was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, and liberty of Plaintiff, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to Plaintiff.

35. The conduct of the Defendants as set forth about violated Plaintiff's constitutional right to be free from cruel and unusual punishment and excessive force, as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. § 1983.

36. As a direct and proximate result of the violations of Plaintiff's civil rights, she was caused to suffer physical injuries as set forth above and herein.

WHEREFORE, Plaintiff states a cause of action under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 *et seq.*

## DEMAND FOR TRIAL BY JURY

37. The Plaintiffs hereby demand a trial by jury.

## DAMAGES

38. Plaintiff repeats and realleges the allegations stated in the preceding paragraphs as though set forth fully herein.

39. As a direct and proximate result of the above-described conduct of Defendants, Plaintiff has in the past suffered, and will in the future continue to suffer, damages including:

(a)   Medical expenses;

(b)   Severe emotional distress and mental anxiety; and

(c)   Severe physical suffering, including physical manifestations of emotional distress;

(d)   Loss of income; and

(e)   Loss of enjoyment of life;

WHEREFORE, Plaintiff requests that this Honorable Court grant her the following relief:

A. A judgment against all Defendants, jointly and severally on Plaintiff's Cause of Action detailed herein, awarding Compensatory Damages to named Plaintiff in an amount to be determined by a Jury and/or the Court;

B. A judgment against Defendants on Plaintiff's Cause of Action for Punitive Damages in an amount to be determined by a properly charged jury;

C. A declaratory judgment against the Penns Grove Police Department declaring their policy and practice of using excessive force to be unconstitutional and improper;

D. A preliminary and permanent injunction enjoining Defendants from continuing to use excessive force and cruel and unusual punishment against individuals suspected of perpetrating crimes;

E. A preliminary and permanent injunction enjoining Defendants from retaliating against Plaintiff and her children;

F. A monetary award for attorney's fees and the costs of this action; and

G. Such other and further relief as the Court may deem just and proper.

Respectfully submitted by:

Dated: November 10, 2009

/s/ William Riback
William Riback, Esquire
William Riback LLC
132 Haddon Avenue
Haddonfield, NJ 08033
Attorney for Plaintiff